IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY MCCULLOUGH, § | | |
| TDCJ #246446, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-1227 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Roy McCullough, is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). McCullough seeks federal habeas corpus relief under 28 U.S.C. § 2254 from a state court criminal conviction. The respondent has answered with a motion to dismiss, arguing that McCullough is not entitled to federal habeas corpus relief. McCullough has filed a response. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

### I.      BACKGROUND

On February 24, 1975, a jury in the 209th District Court of Harris County, Texas, found McCullough guilty of aggravated rape in cause number 216916. The indictment in that case was enhanced with allegations that McCullough had at least two prior felonies,

making him eligible for punishment as a habitual offender. McCullough received a sentence of life imprisonment.

On January 21, 1986, McCullough was released from prison on parole. He did not remain out long. On July 18, 1986, McCullough was arrested and taken into custody of the Harris County Jail. On August 21, 1986, McCullough pleaded guilty in the 174th District Court of Harris County, Texas, to robbery charges lodged against him in cause number 454310. McCullough received a thirty-year prison sentence in that case.

McCullough, who remains in custody at the Ellis Unit in Huntsville, Texas, has filed a federal habeas corpus petition. He does not challenge any of his underlying convictions. Instead, McCullough challenges a decision by prison officials to deny him early release on the form of parole known as mandatory supervision.[1] In his sole ground for relief, McCullough complains that, under the law in place at the time he was convicted of aggravated rape in 1975, he is eligible for release on mandatory supervision.

The Texas Court of Criminal Appeals rejected McCullough's claim on state habeas corpus review. *See Ex parte McCullough*, No. 06,561-05 (Tex. Crim. App. March 16, 2005). The respondent argues that McCullough has likewise failed to demonstrate that he is confined illegally or that he is otherwise entitled to a federal writ of habeas corpus.

---

[1] In Texas, mandatory supervision is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5).

McCullough disagrees. The parties' contentions are addressed below under the governing standard of review.

## II.   STANDARD OF REVIEW

The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The pending federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996). Embodying the principles of federalism, comity, and finality of judgments, the AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

McCullough's claims were raised on state habeas corpus review and rejected by the Texas Court of Criminal Appeals based on findings made by the trial court. *See Ex parte*

*McCullough*, No. 06,561-05 (Tex. Crim. App. March 16, 2005). As a matter of law, a denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of the claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal Appeals disposes of the merits of a claim). Accordingly, the federal habeas corpus standard of review, as amended by the AEDPA, applies to the petitioner's claims as long as they were adjudicated on the merits and not dismissed for procedural reasons.[2] *See Haley v. Cockrell*, 306 F.3d 257, 263 (5th Cir. 2002) (citing *Valdez v. Cockrell*, 274 F.3d 941, 946-48 (5th Cir. 2001)); *see also Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (concluding that when a state habeas corpus court rejects a petitioner's claim on procedural grounds, there has not been an "adjudication on the merits" as contemplated by the AEDPA).

The provisions of 28 U.S.C. § 2254(d), as amended by the AEDPA, set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)

---

[2] Additionally, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

(internal citation omitted). For claims adjudicated on the merits, the AEDPA's amendments provide that a petitioner is not entitled to relief unless the state court's adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Courts are to review pure questions of law and mixed questions of law and fact under § 2254(d)(1). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001). Under the first ("contrary to") clause, a federal district court may grant habeas relief if the state court decided a case differently from how the United States Supreme Court decided a case on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the second ("unreasonable application") clause, a court may grant habeas relief if the state court correctly divined a legal principle from the Supreme Court's jurisprudence but misapplied that principle to the facts. *See id*.

Section 2254(d)(2) governs pure questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501, 504 (5th Cir. 2000). Under this subsection, federal courts must give deference to state court findings of fact unless they are based on an unreasonable interpretation of the evidence presented in the state court proceeding. *See Brewer v. Dretke*, 410 F.3d 773, 775 (5th Cir. 2005) (citing *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (as modified on denial of rehearing)). In addition, any factual findings made by the state court in deciding a petitioner's claims are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner

rebuts those findings with "clear and convincing evidence to the contrary." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

This Court's inquiry under the AEDPA is not altered where the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). For such a situation, a reviewing court (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or was "an objectively unreasonable application of" that law. *Id.* (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)). A federal habeas corpus court's review is therefore restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2d Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers.")), *cert. denied*, 535 U.S. 982 (2002).

## III.   DISCUSSION

McCullough's complaint is that, under the law in place at the time he was convicted of aggravated rape in 1975, he is eligible for release on mandatory supervision. McCullough is mistaken. It is true that, under the law in effect at the time of the offense and conviction, a criminal defendant was eligible for early release when his flat time and good time equaled his sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 15(c) (Vernon 1977). The Texas Court of Criminal Appeals has held, however, that inmates such as McCullough, who have received a sentence of life imprisonment, are not eligible for mandatory supervision

6

under this statutory formula. *See Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001). In the *Franks* case, the Texas Court of Criminal Appeals reasoned that, under a "literal reading" of the same statute challenged by McCullough, "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id.* at 328. Therefore, Texas inmates serving a life sentence are eligible for parole, but they are not eligible for early release on mandatory supervision.

This Court, sitting in federal habeas corpus review, must defer to a state's interpretation of its own law. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Federal habeas corpus relief will not issue to correct possible errors of state statutory law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The Fifth Circuit has expressly held that denying mandatory supervision release to a Texas prisoner with a life sentence does not violate the Constitution. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (citing *Ex Parte Franks*). Absent a showing that his continued confinement violates the Constitution, McCullough fails to show that the state court's decision to deny his claim is contrary to, or involved an unreasonable application of, clearly

established Supreme Court precedent.[3] Therefore, McCullough is not entitled to federal habeas corpus relief and his petition must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim. Accordingly, a certificate of appealability will not issue in this case.

## V. CONCLUSION

---

[3] McCullough also appears to claim that he is entitled to release on mandatory supervision for his robbery conviction in 1986, or, alternatively, that the thirty-year sentence that he received in that case has been discharged. The state habeas corpus court found that McCullough was not illegally confined, rejecting implicitly the factual assertion made by McCullough that his thirty-year sentence had been discharged. This state court fact finding is entitled to the presumption of correctness. 28 U.S.C. § 2254(e). McCullough presents no proof, much less clear and convincing evidence, that the thirty-year sentence imposed on him in 1986 has been discharged. Even if it were discharged, McCullough remains appropriately confined pursuant to his life sentence.

8

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Docket Entry No. 14) is **GRANTED**.

2. The petition for a federal writ of habeas corpus is **DENIED** and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **October 31, 2005.**

Nancy F. Atlas
United States District Judge